An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON BENNETT,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
KATHLEEN E. DELANEY, DISTRICT
JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 62679

**FILED**

FEB 2 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus or prohibition challenges a district court decision denying a motion to dismiss a charge of first-degree kidnapping. Petitioner also seeks a stay of the trial scheduled to commence on March 4, 2013, pending our resolution of this petition. Because we conclude that our intervention is not warranted, we deny the motion and the petition.

A writ of prohibition may issue to arrest the proceedings of a district court exercising its judicial functions, when such proceedings are in excess of the jurisdiction of the district court. NRS 34.320. "[T]he remedy of prohibition is available to resolve a contention that an indictment does not charge a public offense" and therefore the lower court was without jurisdiction to try the case. Husney v. O'Donnell, 95 Nev. 467, 469, 596 P.2d 230, 231 (1979). A writ of mandamus is available to compel the performance of an act which the law requires as a duty

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 06001

resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion. See Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981). Neither writ will issue where there is a plain, speedy, and adequate remedy at law. NRS 34.170; NRS 34.330. Petitions for extraordinary writs are addressed to the sound discretion of the court. State ex rel. Dep't Transp. v. Thompson, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983); see also Poulos v. District Court, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982). Petitioner asserts that writ relief is warranted on two grounds.

First, petitioner argues that the first-degree kidnapping count must be dismissed because the charge is incidental to the battery charge and therefore he should not face liability for both charges. His argument presents an issue of fact that we have stated must "be determined by the trier of fact in all but the clearest cases." Sheriff v. Medberry, 96 Nev. 202, 204, 606 P.2d 181, 182 (1980), quoted in Pascua v. State, 122 Nev. 1001, 1005 n.6, 145 P.3d 1031, 1033 n.6 (2006). The documents provided with the petition indicate that the preliminary hearing was waived, and we are not persuaded by petitioner's reliance on the victim's voluntary statement to police that this is such a clear case that this issue of fact should be removed from the trier of fact's consideration. Writ relief is not appropriate on this issue.

Second, petitioner asserts that the information does not provide him sufficient notice as to the first-degree kidnapping count. Based on the documents provided with the petition, it is not clear whether this issue was presented to and considered by the district court. Although petitioner mentioned notice in his reply to the State's opposition filed below, he asked the district court to dismiss the first-degree kidnapping

count because it was incidental to the battery charge not because it was insufficiently pleaded. Regardless, the count charges the elements of first-degree kidnapping, see NRS 200.310(1), and the various alleged enhancements under NRS 193.165, 193.166, and 200.320(1), and we are not convinced that it lacks the essential facts constituting the offense charged, see NRS 173.075(1) ("The indictment or the information must be a plain, concise and definite written statement of the essential facts constituting the offense charged."). Because petitioner has not demonstrated that the information fails to charge a public offense as to count 3, writ relief is not appropriate on this issue.

Having considered the petition and supporting documents, we conclude that our intervention is not warranted. Accordingly, we deny the petition and the motion to stay the proceedings in the district court.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Kathleen E. Delaney, District Judge
     Law Office of John J. Momot
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk